**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**RYAN M.,**

**Plaintiff,**

        **Case No. 1:24-cv-00361-TPK**

     **v.**

**COMMISSIONER OF SOCIAL**        **OPINION AND ORDER**
**SECURITY,**

**Defendant**.

<u>**OPINION AND ORDER**</u>

Plaintiff filed this action under 42 U.S.C. §405(g) asking this Court to review a final decision of the Commissioner of Social Security.  That final decision, issued by the Appeals Council on February 13, 2024, denied Plaintiff's applications for social security disability benefits and supplemental security income.  Plaintiff has now moved for judgment on the pleadings (Doc. 12), and the Commissioner has filed a similar motion (Doc. 18).  For the following reasons, the Court will **GRANT** Plaintiff's motion for judgment on the pleadings, **DENY** the Commissioner's motion, and **REMAND** the case to the Commissioner for further proceedings pursuant to 42 U.S.C. §405(g), sentence four.

## I.  BACKGROUND

Plaintiff protectively applied for disability insurance benefits and supplemental security income on November 24, 2020 and September 29, 2020, respectively, alleging that he became disabled on January 1, 2019.  After initial administrative denials of his claim, Plaintiff appeared at a hearing before an Administrative Law Judge on December 21, 2022.  Both Plaintiff and a vocational expert, Alicia Hiles, testified at the hearing.

The Administrative Law Judge issued an unfavorable decision on May 2, 2023.  He first found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2021, and that he had not engaged in substantial gainful activity since his application date.  Next, he concluded that Plaintiff suffered from a single severe impairment, described as disorder of the lumbar spine.  However, the ALJ determined that this impairment did not meet the criteria for disability as set forth in the Listing of Impairments

Moving to the next step of the sequential evaluation process, the ALJ concluded that Plaintiff had the residual functional capacity to perform a limited range of light work.  He could tolerate only occasional balancing, stooping, crawling, kneeling, crouching, and climbing of ramps, stairs, and ladders, only frequent handling and fingering, and could do only simple and routine tasks.

The ALJ found that, with these limitations, Plaintiff could not do his past relevant work as a mover and car detailer.  However, based on the testimony of the vocational expert, he determined that Plaintiff could do jobs such as marker, router, and assembler.  He also found that these jobs existed in significant numbers in the national economy.  As a result, the ALJ concluded that Plaintiff was not under a disability as defined in the Social Security Act.

Plaintiff, in his motion for judgment on the pleadings, raises these issues:

1.  New and material evidence warrants remand under 42 U.S.C. §405(g).

2.  Failure to include a sit-stand option in the RFC finding and to properly evaluate the opinion of consultative examining surgeon and the Commissioner's expert Dr. Lee pursuant to SSR 96-8p.

Plaintiff's Memorandum, Doc. 12-1, at 14, 31.

## II.  THE KEY EVIDENCE

### A.  Hearing Testimony

Plaintiff, who was 40 years old at the time of the administrative hearing, first testified that he had a tenth grade education and last worked for a moving company.  Before that he had been a car detailer and had also done various jobs for a truck repairing company.  He did not believe he could return to any of those jobs because of back issues which prevented him from sitting or standing for any length of time.  The back problems began in 2018 or 2019, and he had been treated with medication, injections, and a radio wave treatment.  All of those treatments provided only short-term relief.

In addition to those treatments, Plaintiff had been referred to physical therapy.  He also testified to having Raynaud's syndrome in his hands, which causes problems when his hands get cold.  Outside work, in particular, was an issue for him.  When asked about mental health problems, Plaintiff said he had difficulty sleeping and that he had periodic anxiety attacks for which he used an inhaler.  He spent most of his time in a recliner during the day and did few, if any, household chores.  Plaintiff also said that he had problems concentrating.  Lastly, he testified that he had not yet been scheduled for back surgery because he was still smoking, but he was trying to quit.

The vocational expert, Ms. Hiles, classified Plaintiff's past work as a mover and a car cleaner.  The former job was typically performed at the very heavy exertional level and the latter was medium.  She was then asked questions about a person with Plaintiff's vocational profile who could do a restricted range of light work with both postural and manipulative limitations.  The person also was limited to simple routine jobs tasks with no more than occasional changes in the workplace or contact with the public.  She testified that such a person could not do Plaintiff's past work but could be employed as a

marker, router, or small parts assembler, and she gave numbers for those jobs as they existed in the national economy.  She also identified a number of sedentary jobs such a person could perform.  Someone who was off task more than 15% of the time or who missed more than one day of work per month could not do those jobs, however, nor could someone who could sit for only 15 minutes at a time.

## B.  Treatment Records

The pertinent treatment records show the following.  Plaintiff had been diagnosed with multiple medical conditions including manic bipolar disorder, Raynaud's disease, lumbosacral spondylosis, low back pain, and panic disorder.  He was taking medication for back muscle spasms, nerve pain, and back pain.  Other than an indication of chronic low back pain, his examinations were essentially normal.  X-ray results showed some abnormalities at L1-2.  Subsequent notes from physical therapy showed that Plaintiff continued to report right-sided back spasms but that he tolerated the therapy well.

Plaintiff was also treated at the Warren Pain Clinic and Acupuncture Center in 2021.  He reported difficulty with prolonged sitting and standing, and on examination he demonstrated pain with flexion, extension, and rotation of his back. He was assessed with spondylosis in the lumbosacral region as well as disc degeneration and chronic pain syndrome, and spinal injections were recommended and carried out but did not provide relief any lasting relief although they did help to reduce his symptoms.  A subsequent MRI showed a bulging disc at L2-3.  Later in the year, notes show that Plaintiff had been prescribed hydrocodone to take as needed for severe pain and that he underwent both right and left lumbar radiofrequency procedures which he described as having given him "great success," and the plan was to repeat the right radiofrequency procedure in 2022.  Plaintiff was also seen by a surgeon but told that because of his smoking he was not currently a candidate for surgery.

## C.  Opinion Evidence

Plaintiff was seen on March 25, 2021 for a psychiatric evaluation.  He told the examiner, Dr. Deneen, that he had last been employed doing manual labor but was fired due to a confrontation.  However, he could not work due to anxiety, sleep disorder, panic attacks, and chronic pain.  He described both depressive symptoms and random anxiety attacks.  Plaintiff's affect was full and appropriate and his thought processes were coherent.  Dr. Deneen observed a mild impairment in attention and concentration due to attention deficits and also thought Plaintiff had a mild memory impairment.  He would not have any limitations with respect to simple instructions, interaction with others, sustaining an ordinary routine, or being aware of normal work hazards, but he did have a mild limitation in sustaining concentration and performing at a consistent pace as well as regulating emotions, controlling behavior, and maintaining well-being.  (Tr. 382-86).  A later evaluation done by Dr. Alexander produced similar findings except that Dr. Alexander did not see any limitation in Plaintiff's ability to sustain concentration,

persistence, and pace.  (Tr. 478-81).

On the same day that Plaintiff saw Dr. Deneen, Dr. Lee conducted a consultative internal medicine examination.  Plaintiff reported an eight-year history of low back pain which was made worse with sitting, standing, bending, and lifting, and not relieved by physical therapy.  He also said he had Raynaud's syndrome, but it was not being treated. His daily activities including cooking occasionally, watching television, going out to eat, and socializing with friends.  On examination, he walked with a normal gait and had no difficulty getting on or off the examination table.  There were some limitations in the range of motion of his lumbar spine.  Dr. Lee diagnosed various impairments including low back pain and Raynaud's syndrome, and he thought Plaintiff was moderately limited in terms of prolonged sitting, prolonged standing, bending, and lifting.   (Tr. 388-92).

Two state agency physicians also expressed opinions as to Plaintiff's physical functional capacity.  Both Dr. Zito and Dr. Ehlert concluded that he could perform work at the medium exertional level with some postural limitations.  The state agency psychological consultant concluded that Plaintiff did not have a severe mental impairment.

### III.  STANDARD OF REVIEW

The Court of Appeals for the Second Circuit has stated that, in reviewing a final decision of the Commissioner of Social Security on a disability issue,

"[i]t is not our function to determine de novo whether [a plaintiff] is disabled." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir.1996). Instead, "we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir.2009); *see also* 42 U.S.C. § 405(a) (on judicial review, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").

Substantial evidence is "more than a mere scintilla." *Moran*, 569 F.3d at 112 (quotation marks omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quotation marks omitted and emphasis added). But it is still a very deferential standard of review—even more so than the "clearly erroneous" standard. *See Dickinson v. Zurko*, 527 U.S. 150, 153, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999). The substantial evidence standard means once an ALJ finds facts, we can reject those facts "only if a reasonable factfinder would have to conclude otherwise." *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir.1994) (emphasis added and quotation marks omitted); *see also Osorio v. INS*, 18 F.3d 1017, 1022 (2d Cir.1994) (using the same standard in the analogous immigration context).

*Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 447–48 (2d Cir. 2012).

## IV.  DISCUSSION

### A.  Sit-Stand Option

As his second argument, which the Court will address first, Plaintiff asserts that the record in this case, including the opinion of Dr. Lee and Plaintiff's own testimony, required the ALJ to find that Plaintiff needed a sit-stand option.  Dr. Lee, as noted above, concluded that Plaintiff had a moderate limitation in his ability to sit or stand for a prolonged period, and Plaintiff contends that such a limitation equates to a need to alternate positions between sitting and standing.  Because the ALJ found Dr. Lee's opinion to be persuasive, Plaintiff argues that, at the very least, the ALJ was required to explain why he rejected that portion of the opinion.  In response, the Commissioner argues that there is no opinion evidence supporting a sit-stand option, and that moderate limitations in prolonged sitting and standing are actually consistent with the ability to do light work activities.

The parties have cited, and the Court's review of the case law indicates, that there is a seeming conflict of authorities on the issue of whether moderate limitations in prolonged sitting, standing, and walking are consistent with the ability to perform the standing and walking requirements of either light or sedentary work without some modifications.  For example, in *Rayshown M. v. Comm'r of Soc. Sec*., 2022 WL 4298263, at *4 (W.D.N.Y. Sept. 19, 2022), this Court said that "courts in this Circuit have repeatedly upheld an ALJ's decisions that a claimant could perform light work when there was evidence that the claimant had moderate difficulties in prolonged standing, walking, sitting, bending, or lifting."  *See also Carroll v. Colvin*, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014) (*"*several courts have upheld an ALJ's decision that the claimant could perform light or sedentary work even when there is evidence that the claimant had moderate difficulties in prolonged sitting or standing.").  On the other hand, as Plaintiff points out, decisions like *Cassandra H. v. Comm'r of Soc. Sec.*, 2022 WL 17037628 (W.D.N.Y. Nov. 17, 2022) concluded that moderate limitations in prolonged sitting, standing, and walking may be inconsistent with the ability to perform even sedentary work, including the requirement that someone limited to sedentary work might have to stand and walk for up to two hours per day.

The key to reconciling these decisions can be found in the way in which cases like *Carroll* and *Cassandra H.* have analyzed the issue.  As the *Cassandra H.* decision states, the error committed by the ALJ was that he "did not make a logical connection between Plaintiff's moderate limitations in sitting, standing, and walking, and the postural requirements of sedentary work...."  *Cassandra H., supra*, at *4.  Similarly, the *Carroll* court explained that an ALJ "is required, in accordance with SSR 06–03p, to discuss and provide reasons tending to support the finding that, despite the moderate limitations [the Plaintiff] could still perform light work."  *Carroll, supra*.  *See also Emmett K. v. Comm'r of Soc. Sec.,* 2024 WL 445504 (W.D.N.Y. Feb. 6, 2024, at *4.

Here, the ALJ did, as Plaintiff points out, find Dr. Lee's opinion to be persuasive. The only analysis of that opinion, as it relates to residual functional capacity, is that it did not "support a limitation to a sedentary functional capacity." (Tr. 29). But that is not the issue; the question is the extent to which Plaintiff needed to change positions. The ALJ had earlier determined that the treatment notes were "unclear" as to how much Plaintiff's back condition was affecting his overall functioning, Tr. 27, and he stated, without any real explanation, that findings that Plaintiff had a normal gait and full muscle strength - findings made by Dr. Lee - supported the conclusion that Plaintiff could do light work. *Id*. But Dr. Lee took those findings into account in concluding that there were moderate limitations in the ability to perform prolonged standing and walking, which are requirements of light work. The ALJ did not discuss that issue. The record therefore lacks any explanation of how Dr. Lee's opinion as to moderate limitations in prolonged walking and standing were accommodated by the ALJ's residual functional capacity finding, and, following the decisions cited above, the Court concludes that a remand for further explanation of this issue is required.

### B.  New and Material Evidence

Plaintiff also argues that medical evidence obtained after the ALJ made his decision is both new and material to the issue of disability and that this Court should remand the case so that the ALJ can consider that evidence. He has submitted, as an appendix to his motion for judgment on the pleadings, additional medical reports which include a record of spinal fusion surgery which Plaintiff underwent in 2023 just weeks after the ALJ issued his decision, and follow-up records showing that the surgery was not successful. According to Plaintiff, this evidence demonstrates that his back condition was more serious than the prior medical records would seem to indicate and also bolsters the credibility of his subjective report of disabling symptoms. In addition, he contends that this new evidence makes the prior opinion evidence "stale" because it did not take into account the worsening of his back condition after those opinions were issued. Finally, Plaintiff asserts that the failure to submit this evidence to the Appeals Council resulted from the ineffective representation of Plaintiff's former counsel and that this constitutes good cause for its late submission.

The Commissioner disputes that a sentence six remand is warranted. The Commissioner notes, first, that the new records are simply cumulative of evidence considered by the ALJ showing that back surgery had been recommended and, further, that they do not show that Plaintiff was more limited, during the relevant time frame, than the ALJ found him to be because none of them indicate what functional limitations were caused by his back condition. The Commissioner's memorandum does not address the issue of whether good cause exists to excuse the late submission of these records, presumably because of the argument that the records are not material to the ALJ's denial of benefits. In reply, Plaintiff repeats his argument that these records show that his condition was more serious than previously thought, particularly as to the need for more extensive back surgery than had been recommended.

The Court finds that, in light of the remand being ordered on the other issue raised by Plaintiff, that this issue is moot. On remand, the Commissioner will be able to examine this

additional evidence and make a determination as to its impact, if any, on Plaintiff's residual functional capacity.

## V.  CONCLUSION AND ORDER

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for judgment on the pleadings (Doc. 12), **DENIES** the Commissioner's motion (Doc. 18), and **REMANDS** the case to the Commissioner for further proceedings pursuant to 42 U.S.C. §405(g), sentence four.

**/s/ Terence P.  Kemp**
**United States Magistrate Judge**